UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAYRON LOJA GRANDA, ) | |
| ) | Case No. _____ |
| Petitioner, ) | |
| ) | **PETITION FOR WRIT OF** |
| v. ) | **HABEAS CORPUS** |
| ) | |
| JOSEPH FREDEN, *in his official capacity* ) | |
| *as Field Office Director, Buffalo Field Office,* ) | |
| *U.S. Immigration and Customs Enforcement*, ) | |
| and KRISTI NOEM, *in her official capacity* ) | |
| *as Secretary of Homeland Security,* ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

## <u>INTRODUCTION</u>

1. Petitioner Bayron Loja Granda ("Petitioner") is an eighteen-year-old Ecuadorian national. U.S. Citizenship and Immigration Services (USCIS) approved his Special Immigrant Juvenile Status (SIJS) on June 6, 2025. Exhibit A.

2. Upon information and belief, Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement (ICE) agents on July 22, 2025, at approximately 7:35 a.m. Exhibit B. After his arrest, an Immigration Judge (IJ) ordered bond on August 28, 2025, Exhibit C, and terminated his proceedings in Immigration Court on October 7, 2025. Exhibit D. When Petitioner's family attempted to pay the bond, ICE refused to release Petitioner.

3. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

4. Petitioner asks this Court to find that he is unlawfully detained and order his release.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 and 28 U.S.C. § 1331.

6. Venue is proper because Petitioner is detained at the Buffalo Federal Detention Facility in Batavia, New York, within this judicial district.

## PARTIES AND FACTS ALLEGED

7. Petitioner Bayron Loja Granda is an 18-year-old who recently graduated from high school. He has no criminal history. USCIS has approved his application for SIJS. He resides with his family in Worcester, Massachusetts and was arrested visiting uncle in Buffalo, New York.

8. Respondent Joseph Freden, the Field Office Director, Buffalo Field Office, ICE, Buffalo Federal Detention Facility, in Batavia, New York, is Petitioner's immediate custodian and has day-to-day control over his detention.

9. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

10. All respondents are named in their official capacities.

11. Petitioner is an Ecuadorian national who has been approved for SIJS. After his arrest, an IJ ordered bond on August 28, 2025, and terminated his proceedings in Immigration Court on October 7, 2025.  He was detained without cause by ICE agents on July 22, 2025, at approximately 7:35a.m.

12. Upon information and belief, Petitioner is currently in custody in the Western District of New York, and one or more of the Respondents is his immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

1. Upon information and belief, Petitioner is currently detained by federal agents without cause and in violation of his constitutional rights to due process of law.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;

2. Order that Petitioner shall not be transferred outside the Western District of New York;

3. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately; and

6. Grant any further relief this Court deems just and proper.

Dated:  Buffalo, New York
       November 7, 2025

PHILLIPS LYTLE LLP

By:  ___*/s/ Scott Sroka*_____
     Scott Sroka
Attorney for Petitoner
*Bayron Loja Granda*
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
ssroka@phillipslytle.com



Uploaded on: 08/20/2025 at 04:03:55 PM Eastern Daylight Time / Base Filed 8/12/25    Page 5 of 26



I-797 | **NOTICE OF ACTION** | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number<br>MSC2590307917 | | Case Type<br>I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL<br>IMMIGRANT |
|---|---|---|
| Received Date<br>01/24/2025 | Priority Date<br>01/24/2025 | Petitioner  A246 447 101<br>LOJA GRANDA, BAYRON JAVIER |
| Notice Date<br>06/06/2025 | Page<br>1 of 1 | Beneficiary  A246 447 101<br>LOJA GRANDA, BAYRON JAVIER |

| | |
|---|---|
| DODGE LAW P C<br>c/o BYRON A MORATAYA<br>929 MASSACHUSETTS AVE STE 01<br>CAMBRIDGE MA 02139 | Notice Type:  Approval Notice<br>Class:  SL6<br>Section:  Special Immigrant-Juvenile |

The above petition has been approved.

The petition indicates that the person the petition is for is in the United States and will apply for adjustment of status. He or she should access the USCIS website at USCIS.gov/i-485 to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Please read the back of this form carefully for more information.

### THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.

**NOTICE:** Although this application/petition has been conditionally approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in the application, petition, and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the Internet, or telephone, and site inspections of businesses and residence. Information obtained during the course of verification will be used to determine whether final approval, revocation, rescission, and/or removal proceedings are appropriate.Applicants, petitioners, and the representatives of record will be provided an opportunity to address derogatory information before any formal proceedings is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648003
Lee's SummitMO64002
USCIS Contact Center: www.uscis.gov/contactcenter



EOIR 30 of 32

16

FORM I-797 [REV. 08/01/16]



| U.S. Department of Homeland Security | Subject ID:399464999 | Record of Deportable/Inadmissible Alien |
|---|---|---|

| Family Name (CAPS)   First   Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|
| LOJA GRANDA, BAYRON | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| ECUADOR | | CASE No:BUS2507000026 A246 447 101 | 70 | 140 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| 4250 FEDERAL DR, BATAVIA, NEW YORK, 14020-1094 | None Indicated |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | |
|---|---|---|
| Unknown Date, Unknown Time, 8.96 mile(s) W of HID, PWA AFOOT | | □ Single |

| Number, Street, City, Province (State) and Country of Permanent Residence | F.B.I. Number | ☒ Single □ Married □ Divorced □ Married □ Widower □ Separated |
|---|---|---|
| UNKNOWN  UNKNOWN, MACHALA, ECUADOR | 5TJWMKPAF | Method of Location/Apprehension AS |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| 05/17/2007 | Age:18 | 07/22/2025 | BUN/BUS | BUFFALO, NY | 07/22/2025 0715 |

| City, Province (State) and Country of Birth | | By |
|---|---|---|
| SUSCAL, ECUADOR | AR ☒   Form : (Type and No.) Lifted □ Not Lifted □ | See Narrative |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | IN TRAVEL |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | OVER 1 YEAR |

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? □ Yes □ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | See Narrative | See Narrative |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| See Narrative | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended.  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation.  Indicate means and route of travel to interior.)

FINS #:1333311614          I77 #:5294536                      DNA Envelope #:F4695737

Left Index Print                    Right Index Print

ARREST COORDINATES:
-------------------
Latitude:   42.91546
Longitude: -78.83963

CONSEQUENCE DELIVERY SYSTEM:
---------------------------
Classification: SOTA

COREY M JONES
Date: 2025.07.22 11:49:43 -04:00
0609939400.CBP

Border Patrol Agent

Alien has been advised of communication privileges    07/22/2025    COREY M JONES Date: 2025.07.22 11:49:43 -06:00 0609939400.CBP (Date/Initials)    (Signature and Title of Immigration Officer)

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| 1 CPA BUS 1 A File 1 Intel | Officer: COREY M. JONES on: July 22, 2025 at 0920 ( time ) Disposition: Notice to Appear Released (I-862) Examining Officer: BRANDON D HANSEN Date 2025.07.22 11:43:54 -04:00 ATTACHED TO CASE (A)/Supervisory Border Patrol Agent |

Form I-213 (Rev. 08/01/07) Y

Uploaded on: 08/27/2025 at 08:54:00 PM (Eastern Daylight Time)   Base City:  BTV

U.S. Department of Homeland Security                    **Continuation Page for Form**    I213

| Alien's Name<br>LOJA GRANDA, BAYRON | File Number<br>A246 447 101<br>Event No:BUS2507000026 | Date<br>07/22/2025 |
|---|---|---|

```
OTHER ALIASES KNOWN BY:
-----------------------
LOJA GRANDE, BAYRON



ARRESTING AGENT:
-----------------------
COREY M. JONES
MICHAEL HILL
IAN LANDINGUIN
T10635 ROEDER
JARROD RANDLE
JUSTIN BURNHAM
OLDEN INGRAM
MICHAEL J. SPEAR
DAVID KOLZE

ADDRESS USED ON I-862:
-----------------------
Address Type: VALIDATED MANUALLY
Address: 4250 FEDERAL DR, BATAVIA, NEW YORK, 14020-1094

FATHER NAME AND ADDRESS:
-----------------------
PABLO



MOTHER NAME AND ADDRESS:
-----------------------
PETRONA



FUNDS IN POSSESSION:
-----------------------
          .00

RECORDS CHECKED:
----------------
ABIS Negative
EARM Positive
NGI Positive


CHARGE CODES:
```

| Signature  COREY M JONES<br>Date: 2025.07.22 11:50:15 -04:00<br>0609939400.CBP | Title  **Border Patrol Agent** |
|---|---|

EOIR - 5 of 15

Form I-831 Continuation Page (Rev. 08/01/07)

Uploaded on: 08/27/2025 at 08:54:00 PM (Eastern Daylight Time)    Base City: BTV

U.S. Department of Homeland Security                    **Continuation Page for Form** _____ I213

| Alien's Name<br>LOJA GRANDA, BAYRON | File Number<br>A246 447 101<br>Event No:BUS2507000026 | Date<br>07/22/2025 |
|---|---|---|

```
--------------------------
I6A
I7A1

NAME AND ADDRESS OF US EMPLOYER:
--------------------------
EMPLOYER NAME: HOMETECK ROOFING AND
REMODELING
EMPLOYER ADDRESS:
6456 BROADWAY
LANCASTER
NY
EMPLOYER PHONE:  716-868-5666


Other Family/Associates Not in Event:
-------------------------------------
Father, , PABLO
Mother, , PETRONA

NARRATIVE:
----------
Event # BUS2507000026
ENTRY: LOJA GRANDA, Bayron claimed to cross February 8, 2023, through the U.S/ Mexican
border near Hidalgo, Texas.

PREDICATION:
Buffalo Border Patrol Station Targeting Unit (TU) Agents in collaboration with Immigration
and Customs Enforcement (ICE) Homeland Security Investigations (HSI), Enforcement and
Removal Operations (ERO), Internal Revenue Service Criminal Investigators arrested three
(3) aliens as part of the national security missions established under Operation Unified
Alliance and Operation Safeguard.
Previous surveillance was conducted and revealed that the target leaves in a black
Chevrolet pickup truck bearing New York license plate 38254NF transporting individuals that
are believed to be illegal aliens residing 41 Inter Park Ave., Buffalo NY 14211

APPREHENSION:
On July 22, 2025, ICE ERO, ICE HSI, and USBP at approximately 0545 hrs., conducted
surveillance at 41 Inter Park Ave, Buffalo NY, 14211 to locate and arrest the target of the
investigation.
At approximately 0731 hrs, while conducting surveillance at 41 Inter Park Ave, USBP and ICE
HSI observed one Hispanic male closely resembling the target, exit the residence at 41
Inter Park Ave., get into the driver seat of the target vehicle, a white Chevrolet pickup
truck bearing New York license plate 38254NF.  A Hispanic male and a Hispanic female also
exited the residence and enter the target vehicle.  The target vehicle then departed the
residence with the three occupants.

At approximately 0735 hrs, officers initiated a traffic stop in front of 87 Inter Park Ave
near the corner of Fillmore Ave.  Officers approached the vehicle wearing their government
```

| Signature | COREY M JONES<br>Date: 2025.07.22 11:50:32 -04'00'<br>0609939400.CBP | Title | **Border Patrol Agent** |
|---|---|---|---|

U.S. Department of Homeland Security                    **Continuation Page for Form**         I213

| Alien's Name<br>LOJA GRANDA, BAYRON | File Number<br>A246 447 101<br>Event No:BUS2507000026 | Date<br>07/22/2025 |
|---|---|---|

issued body armor with police identifiers. Officers identified themselves as officers with
Immigration and Customs Enforcement and U.S. Border Patrol.  Officers then asked the
vehicle passengers for identification and if they had any legal status in the United
States.  The driver handed officers a New York Driver's License bearing the name
██████████████████  The other two passengers had no identification or
documentation illustrating their lawful presence in the United States.  Officers used their
government issued phone application for facial recognition that revealed the following
names:  the driver was identified as
██████████████████ and the male passenger was identified as LOJA-GRANDA, Bayron
(A#:  246447101; DOB:  05/17/2007; COC:  Ecuador).  The female passenger was not
recognized.  Through questioning and record checks it was determined that all three (3)
passengers did not have any legal status in the United States.
The three (3) occupants were ultimately identified as:

| Last Name | First Name | A# | DOB | COC | |
|---|---|---|---|---|---|
| LOJA-GRANDA | Bayron | 246447101 | 05/17/2007 | Ecuador | |

It was determined that each passenger of the vehicle was a citizen of Ecuador present in
the United States without the proper documents to enter in, remain in, or pass through the
United States.  All 3 subjects were informed that they were going to be taken into custody
due to not having legal status in the United States.  Subjects were subsequently
transported back to USBP Buffalo Station for processing.


VIOLATION:
212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an
alien present in the United States without being admitted or paroled, or who arrived in the
United States at any time or place other than as designated by the Attorney General.
212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an
immigrant who, at the time of application for admission, is not in possession of a valid
unexpired immigrant visa, reentry permit, border crossing card, or other valid entry
document required by the Act, and a valid unexpired passport, or other suitable travel
document, or document of identity and nationality as required under the regulations issued
by the Attorney General under section 211(a) of the Act.

PROCESSING/FURTHER INVESTIGATION:
At the station, a complete set of fingerprints was electronically captured from the subject
and entered into the e3/IDENT/IAFIS databases.

CRIMINAL HISTORY:
None.

IMMIGRATION HISTORY:
LOJA GRANDA, Bayron illegally crossed the international boundary without being inspected by
an immigration officer at a designated Port of Entry on February 8, 2023. At that time,
LOJA GRANDA, Bayron was a juvenile (15). LOJA GRANDA, Bayron was processed for Warrant of

| Signature | COREY M JONES<br>Date: 2025.07.22 11:50:41 -04'00'<br>0609939400.CBP | Title | Border Patrol Agent |
|---|---|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

EOIR — 5 of 15

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| Alien's Name<br>LOJA GRANDA, BAYRON | File Number<br>A246 447 101<br>Event No:BUS2507000026 | Date<br>07/22/2025 |
|---|---|---|

Arrest/Notice to Appear as per section 212(a)(6)(A)(i) of the Immigration and Nationality Act. LOJA GRANDA, Bayron was released to his sister and brother in law at the below address.

JUAN JOSE LOJA (BROTHER IN LAW)
14 BEDFORD AVE APT2, WORCESTER, MA, 01604
774-329-6923

MISCELLANEOUS:
LOJA GRANDA, Bayron does not claim fear in returning to Ecuador.  LOJA GRANDA, Bayron also claims and appears to be in good physical health.

Illegal Alien Contacts:

       -illegal alien relatives in the US: None.

       -illegal alien known contacts /close friends in the United States:  Subject claims his friends are his coworkers that was arrested with him.

       -illegal alien business associates, prior employers in the United States: None.

Crypto Banking: None.

      City and State (traveled from): Not Applicable.

      Phone Number: Does not know.

      Email: None.

      Social Media Profiles: None.

      US Destination: Not Applicable.

      US POC: None.

      US Employer: Hometeck Roofing and remodeling

      Purpose of travel to the United States:  To earn money.

      Previous Military Service. None.

      Gang/Cartel Affiliations: None.

DISPOSITION:
LOJA GRANDA, Bayron was processed and issued a Notice to Appear.  ICE/ERO/SDDO was contacted and approved bed space. LOJA GRANDA, Bayron will be transported to the Buffalo Federal Detention Center in Batavia, New York pending removal proceedings.

| Signature    COREY M JONES<br>Date: 2025.07.22 11:50:50 -04'00'<br>0609939400.CBP | Title    **Border Patrol Agent** |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _____ I213 _____

| Alien's Name<br>LOJA GRANDA, BAYRON | File Number<br>A246 447 101<br>Event No:BUS2507000026 | Date<br>07/22/2025 |
|---|---|---|

ADDENDUM:
HSI SA Teresa Roeder asked LOJA GRANDA, Bayron if he was willing to Voluntarily Depart the
country under the DHS Voluntary Departure Program.  LOJA GRANDA, Bayron replied, no.

| Signature | COREY M JONES<br>Date: 2025.07.22 11:51:03 -04:00<br>0609939400.CBP | Title | Border Patrol Agent |
|---|---|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)





**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

Respondent Name:

    LOJA GRANDA, BAYRON

To:

    Morataya, Byron A
    212 Coolidge Ave
    Manchester, NH 03102

A-Number:
246-447-101
Riders:
In Custody Redetermination Proceedings

Date:
08/28/2025

**ORDER OF THE IMMIGRATION JUDGE**

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐   Denied, because

☑   Granted. It is ordered that Respondent be:
    ☐   released from custody on his own recognizance.
    ☑   released from custody under bond of $ 5,500.00
    ☐   other:

☐   Other:



Immigration Judge: GOLOVNIN, LENA 08/28/2025

Appeal:    Department of Homeland Security: ☐ waived  ☑ reserved
           Respondent:                     ☑ waived  ☐ reserved
Appeal Due: 09/29/2025


### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : LOJA GRANDA, BAYRON | A-Number : 246-447-101
Riders:
Date: 08/28/2025 By: WARD, FELICIA, Court Staff

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
4250 FEDERAL DRIVE, ROOM F108
BATAVIA, NY  14020


Law Office of Byron Morataya
Morataya, Byron A
11 Apex Drive, Suite 300A,
#185
Marlborough, MA  01752


In the matter of          File A 246-447-101     DATE: Sep 25, 2025
LOJA GRANDA, BAYRON


__ Unable to forward - No address provided.
__ Attached is a copy of the decision of the Immigration Judge. This decision
   is final unless an appeal is filed with the Board of Immigration Appeals
   within 30 calendar days of the date of the mailing of this written decision.
   See the enclosed forms and instructions for properly preparing your appeal.
   Your notice of appeal, attached documents, and fee or fee waiver request
   must be mailed to:    Board of Immigration Appeals
                         Office of the Clerk
                         5107 Leesburg Pike, Suite 2000
                         Falls Church, VA 22041
__ Attached is a copy of the decision of the immigration judge as the result
   of your Failure to Appear at your scheduled deportation or removal hearing.
   This decision is final unless a Motion to Reopen is filed in accordance
   with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
   1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
   1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
   motion must be filed with this court:
                         IMMIGRATION COURT
                         4250 FEDERAL DRIVE, ROOM F108
                         BATAVIA, NY  14020
__ Attached is a copy of the decision of the immigration judge relating to a
   Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
   1208.31(g)(1), no administrative appeal is available. However, you may file
   a petition for review within 30 days with the appropriate Circuit Court of
   Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.
__ Attached is a copy of the decision of the immigration judge relating to a
   Credible Fear Review. This is a final order. No appeal is available.
**XX** Other: <u>Bond Memorandum</u>.


                         E.LANG
                         COURT CLERK
                         IMMIGRATION COURT                        FF
     cc: PETER MARCHE-ASSISTANT CHIEF COUNSEL
         4250 FEDERAL DRIVE
         BATAVIA, NY, 14020

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BATAVIA, NEW YORK

IN THE MATTER OF:                          In Bond Proceedings

LOJA GRANDA, BAYRON                        FILE NUMBER: A246-447-101

RESPONDENT

*BOND MEMORANDUM*

***The Court's oral decision was issued before the Board's decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) – issued on September 5, 2025. Pursuant to the Board's clarification in Matter of Yajure Hurtado, Respondent would not be eligible for bond.***
----------------------

The respondent is a native and citizen of Ecuador.  The Department of Homeland Security ("DHS") commenced removal proceedings on a detained basis by filing a Notice to Appear, dated July 22, 2025, with the Immigration Court (*see* Removal Exh. 1).  The NTA charged the respondent as removable pursuant to sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").

On August 28, 2025, this Immigration Court conducted a custody redetermination hearing in the instant matter.  The Court found that the respondent was subject to custody under section 236(a) of the INA, and therefore, the Court had jurisdiction to consider his request for custody redetermination.  After considering the evidence submitted by the parties, and the oral arguments of counsel, the Court set a bond in the amount of $5,500.  DHS appealed the Court's decision to the Board of Immigration Appeals ("the Board").

Within the Department of Justice, the power to hear an initial determination on bond and redetermination lies solely with the Attorney General, the Board, and the immigration judges, to the extent the power is delegated to them by the Attorney General.  The Attorney General has delegated to the immigration judges the ability to redetermine bonds after DHS has set a bond. The limits of immigration judges' authorities to hear bonds are effectuated by 8 C.F.R § 1003.19. The initial determination of bond when an individual is in INA § 240 proceedings is restricted. The immigration judge's redetermination of a bond is not limited by either statute or regulation except by those provisions provided in 8 C.F.R. §§ 1003.19, 1235-36.  Considered collectively, an immigration judge retains full jurisdiction over bonds for individuals processed under INA §§ 235 and 236 and may issue a ruling regarding mandatory detention or eligibility for bond.

Jurisdiction of an immigration judge to hear bond proceedings is a different question than a respondent's objection to mandatory detention under INA § 235.  Here, the Court found that the

respondent was subject to custody under section 236(a) of the INA, and therefore, the Court had jurisdiction to consider his request for custody redetermination. The respondent entered the United States without inspection on February 7, 2023. He was encountered by immigration officials, not placed in detention, and released. The respondent's second encounter with immigration officials that led to his current immigration detention occurred on July 22, 2025.

DHS argues that under *Matter of Q. LI*, 29 I&N Dec. 66 (BIA 2025), the respondent is not eligible for bond and subject to mandatory detention under INA § 235. The Court disagrees. INA § 235(a) states that an alien present in the United States who has not been admitted or arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of [the INA] as an applicant for admission. Read in the context of the broader statute, the statutory text clearly establishes that for a respondent to be an applicant for admission one must be seeking inspection and authorization by an immigration officer.

The Court has also reviewed *Matter of Q. LI*, 29 I&N Dec. 66 (BIA 2025). The respondent's situation is not the same as the applicant in *Matter of Q. LI*. In *Q. LI*, the applicant for admission was initially present in the United States without permission. She was intercepted by immigration officials within fourteen days of entry and a hundred miles of the border, and within two years of her entry and was statutorily subject to mandatory detention. At the time of her arrest, she made the immigration officers aware that she was seeking admission to the United States. However, DHS, for policy-based reasons, chose to release her on parole. DHS subsequently revoked that applicant's parole, and she was reverted to her prior immigration status—as an applicant seeking admission to the United States. A subsequent warrant for her arrest was issued under to INA § 236; however, at no point was she admitted—she was still seeking admission.

Illegal aliens who have circumvented authorities and are found in the United States years after their entry, like the respondent, never intended to apply for admission. They are already present in the United States, making them subject to INA § 236. Just as *Matter of Q. LI* dictates, "[o]nce an alien is detained under section 235(b), DHS cannot convert the statutory authority governing her detention from section 235(b) to section 236(a) through the post-hoc issuance of a warrant." *Matter of Q. LI*, 29 I&N Dec. at 69 n.4. The Court finds that the same applies when a person is already present in the United States and they are detained under INA § 236—DHS cannot revert their status to INA § 235.

The respondent has the burden of proof in a custody redetermination hearing under section 236(a) of the INA to establish to the satisfaction of the Immigration Judge that he or she does not pose a danger to persons or property and does not pose a risk of flight. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

Here, the Court found the respondent demonstrated he does not pose a danger to persons or property and does not pose a risk of flight. *Id.* In making these findings, the Court considered that the respondent is an 18-year-old male who has resided at the same address since he arrived in the United States. He is residing with his sister, her partner, and their two children, and therefore has demonstrated family ties in the United States. The respondent has also demonstrated

community ties to the United States.  The respondent attended high school in the United States and filed a copy of his diploma with this Court.  He has also attended church for the past two years. Moreover, he has an approved Form I-360, Special Immigrant Juvenile Status petition and is eligible for adjustment of status once a visa is available.  He began addressing his eligibility for relief from removal well before he was placed in detention in July 2025.  Based on the foregoing, the Court granted bond in this matter for $5,500.

Dated: September 25, 2025
_____
Hon. Lena Golovnin
United States Immigration Judge

RE:  LOJA GRANDA, BAYRON

File:  A246-447-101

```
_____
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL [M]  PERSONAL SERVICE [P]  ELECTRONIC SERVICE [E]
TO: [ ] ALIEN  [P] ALIEN c/o Custodial Officer  [E] ALIEN's ATT/REP  [E] DHS
DATE:  9/25/2025       BY:  COURT STAFF E.LANG
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____
```

C1

EOIR – 5 of 5





**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br><br>   LOJA GRANDA, BAYRON<br><br>To:<br><br>   Morataya, Byron A<br>   11 Apex Drive, Suite 300A,<br>   #185<br>   Marlborough, MA 01752 | A-Number:<br>246-447-101<br>Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>10/07/2025 |

### ORDER OF THE IMMIGRATION JUDGE

This is to reflect the Court's Orders on the record on 10/6/2026 after a full hearing on Respondent's 10/2/2025 Motion to Terminate and DHS' 10/6/2025 Opposition.

**Order:**

1) The Court rescinds its 10/2/2025 Order denying the Motion to Terminate as improvidently issued.

2)  For all of the reasons below, the Court GRANTS termination without prejudice of this Respondent's matter before the immigration court to allow the Respondent to solely pursue his SIJS relief before USCIS simply awaiting the available visa number in the venue where he has applied for and been previously adjudicated prima facie eligible for relief.

   Respondent filed the I-360 petition for SIJS with USCIS in order to have USCIS process his I-485 legal resident application. He has presented to the court proof of that filing. He has also provided proof that USCIS has actually adjudicated the I-360, which means that USCIS has reviewed the detailed family court order where the facts were presented for the particulars of his qualifications.

    His principal form of relief is her pending status as an SIJS. He will be paroled into the US under INA section 245 (h)(1) and be eligible to adjust status to LPR as soon as a visa is available.

   DHS' opposition is could be premised on the fact that there are no visa numbers available yet. DHS argues that because there are no visa numbers available yet, Respondent's likelihood of success before USCIS is speculative.  This does not change the fact that USCIS is the primary adjudicating authority for this petition.

    The Court has weighed additional factors, including Respondent's diligence in seeking this collateral relief as well as concerns of judicial efficiency in this matter.

The Court also looks at Matter of Quintero 18 I&N Dec. 348 (BIA 1982). In that case, a continuance was denied because the visa priority date was too remote to raise the prospect of adjustment of status above any speculative level, indicating from the facts in Quintero that there would be a 10 year waiting time for the visa.

In the instant matter, the response waiting time for an available visa is exponentially shorter than 10 years. The matter was already commenced, decision rendered on prima facie eligibility by USCIS and in the interest of judicial economy, this matter should be ultimately adjudicated by USCIS.

SIJ beneficiaries like Respondent are deemed paroled in for purposes of INA 245 (A) therefore, any possible allegation or factual speculation that the child's visa priority date is to remote to raise to the prospect of adjustment of status is inconsistent and unconvincing.

 Absent specific precedent rulings from the Attorney General, the BIA and the Second Circuit

of the termination of cases with an approved I-360 in SIJ situations to be adjudicated more efficiently before USCIS as opposed to the immigration court----- the Court looks to OsorioMartinez v. Attorney General 893 F.3d 153,179 (3d Cir. 2018) for instruction.

 In Osorio-Martinez, the Third Circuit affirmed that SIJS designees deserved constitutional protections based on their satisfaction of: "... rigorous eligibility, criteria for SIJ status, denoting them as wards of the state with obvious implications for their relationship with the United States, Congress, according these children, a range of statutory and procedural protections that establish a substantial legal relationship with the United States and with their applications awaiting only the availability of visas (a development that is imminent by the government calculation), and the approval of the Attorney General."

Osorio-Martinez further specifically held that: "placing this Respondent's case back with USCIS provides the constitutional and unique protections available to immigrant youth eligible for SIJS. It would frustrate Congress is clear, intent that SIJS be utilized as a remedy for children and removal proceedings to compel them to seek concurrent and less certain relief in removal proceedings." See also TPRA of 2008 public law number 110 – 457

*D. Harbeck*

Immigration Judge: Harbeck, Dorothy 10/07/2025

Appeal:     Department of Homeland Security:  ☐ waived  ☑ reserved
            Respondent:                        ☑ waived  ☐ reserved
Appeal Due: 11/05/2025

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : LOJA GRANDA, BAYRON | A-Number : 246-447-101
Riders:
Date: 10/07/2025 By: Harbeck, Dorothy, Immigration Judge

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BAYRON LOJA GRANDA | JOSEPH FREDEN and KRISTI NOEM |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Scott Sroka, Phillips Lytle LLP
One Canalside, 125 Main Street, Buffalo, NY 14203

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | Liability | 368 Asbestos Personal Injury Product | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | [x] 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Constitution Amendment 5

Brief description of cause:
Unlawful detention in violation of due process

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| November 7, 2025 | Scott Sroka |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.